STOULIG, Judge.
Defendants, Mr. and Mrs. Walter Eck-erle, Jr., have appealed a judgment[1] awarding plaintiffs, Mr. and Mrs. Larry D. Spears, $3,000 as general and special damages for injuries sustained in an intersec-tional collision that the trial court found resulted through the sole negligence of Mrs. Eckerle. Government Employees Insurance Company (GEICO), plaintiffs’ insurer, was cast in judgment solidarily with the Eckerles under the uninsured motorist provision of its policy. GEICO, in turn, obtained a third party judgment of indemnification against the individual defendants. Appellants have limited the scope of this appeal to a review of liability.
The accident occurred at the intersection of West Metairie Avenue and Roosevelt Boulevard in the City of Kenner. According to her testimony, Mrs. Spears was driving toward Kenner on favored West Met-airie Avenue and approached the intersection of Roosevelt Boulevard at a speed of 35 miles per hour. She observed a car stopped on Roosevelt in obedience to a stop sign posted there and reasonably assumed it would remain there as she passed through the intersection. However, when plaintiff’s car was “40 feet or less” from Roosevelt, the stopped vehicle suddenly moved into the West Metairie traffic lanes and into the path of the oncoming Spears car, which was proceeding in the left lane. Despite the immediate and vigorous application of her brakes, plaintiff did not have enough time to avoid hitting the defendant’s car.
The defendant driver, Mrs. Eckerle, claimed her view of West Metairie was obstructed by high weeds on the bank of *297 the drainage canal that divides the eastbound from the westbound lanes on the favored avenue, so she moved into the roadway and stopped again to get a clearer view of the traffic conditions. She testified she first saw the Spears car momentarily before impact, despite her testimony that she “could see pretty far ways down” [2] West Metairie Avenue. After moving her vehicle for a second time to a stopped position, Mrs. Eckerle attempted to cross West Metairie Avenue and her automobile was struck by the Spears car.
Immediately after the accident, Mrs. Eckerle told Mrs. Spears and the investigating officer she attempted to cross when she did because she thought this was a four-way stop intersection. Defendant driver denied making this statement; however, as did the trial judge, we accept it at fact.
In any event, under either plaintiff’s or defendant’s version of the accident, Mrs. Eckerle’s actions would constitute the sole proximate cause for its occurrence. As the trial judge stated in written reasons, “ * * * the Eckerle vehicle entered an intersection when it was unsafe to do so * * * ”
Whether her negligent act was prompted by her misunderstanding of the traffic controls at the intersection or her failure to observe the approaching traffic and to accord it the right of way to which it was entitled before attempting to cross the favored avenue is of no importance in fixing liability because, under either hypothesis, the sole negligence rests on Mrs. Eckerle.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. This case was consolidated for trial with a suit by Mr. and Mrs. Walter Eckerle, Jr., against plaintiffs herein and their insurer GEICO, arising from the same accident discussed herein.

. In her deposition this witness testified she could see a distance of two or three blocks on West Metairie Avenue; however, on trial she would not estimate the distance and stated it was “pretty far ways down.”